Pedro Juan Barbosa, Eduardo López Tizol, Eduardo E. Alvarez, Juan González Díaz, Celestino López Pérez, José Martínez Dávila, Rafael Pietrantoni, Antonio Ribot, José S. Belaval, demandantes y apelantes, v. Eduardo Acuña Aibar, José Ramírez Santibáñez, Alfredo Gámbaro, Vicente Alcaraz, Francisco Velázquez, Juan Sierra, Leandro López de la Rosa, José G. Torres, hoy Juan Pedrosa, Enrique Adsuar, demandados y apelados.

No. 2970.—*Visto:* Marzo 27, 1925. *Resuelto:* Agosto 1, 1925.

Apelación y Error—Revisión—Discreción de la Corte Inferior—Condena de Costas.—Atendidas las circunstancias concurrentes en el caso de autos, *se resolvió,* que no había justificación alguna para la condena de costas, y debía revocarse la sentencia a ese respecto.

Sentencia de *Charles E. Foote,* J. (Primer Distrito, San Juan), desestimando la demanda, con costas. *Revocada en cuanto a la condena de costas, habiendo sido el pronunciamiento de costas el objeto único de la apelación.*

*Eduardo López Tizol, Leopoldo Feliú* y *José Martínez Dávila,* abogados de los apelantes; *Rafael Rivera Zayas, Juan de Guzmán Benítez* y *Celestino Iriarte, Jr.,* abogados de los apelados.

Por la corte:

POR CUANTO este es un procedimiento establecido de acuerdo con la ley sobre impugnación de elecciones, aprobada en marzo 7, 1906, para impugnar la elección de ciertos candidatos municipales de la ciudad de San Juan que fueron electos en las elecciones generales que tuvieron lugar el 2 de noviembre de 1920;

POR CUANTO el pleito se inició en marzo 19, 1921; la transcripción del récord por los demandantes-apelantes se radicó en esta corte en octubre 27, 1923, y la vista de la apelación, después de varias suspensiones solicitadas de común acuerdo por las partes, no se celebró hasta el 27 de marzo de 1925, en cuya fecha la cuestión para decidir en cuanto a sus méritos carecía de finalidad práctica, pues ya en 4 de noviembre de 1925 se habían celebrado nuevas elecciones, cesando en sus cargos por elección de otros los funcionarios contra quienes se ha presentado la demanda de impugnación y según fué así reconocido por las partes en el acto de la vista;

POR CUANTO la vista del caso se llevó, sin embargo, adelante por dichas partes por lo que se refiere únicamente al pronunciamiento de costas, las que fueron impuestas a los demandantes, discutiéndose en su consecuencia algunas de las cuestiones fundamentales que se relacionan con los méritos de la sentencia con el fin de que determináramos si hubo o no temeridad al preparar y sostener los apelantes su demanda y base para la corte inferior para imponer o nó dichas costas;

POR CUANTO la cuestión principal resuelta, y a ella se limitaron las partes en sus informes orales, se basó principalmente en ciertas papeletas que los electores depositaron en las urnas electorales y siguiéndose las reglas generales de la jurisprudencia en casos de esta clase para ser admisibles

en evidencia se ha de demostrar como cuestión preparatoria que han sido guardadas y custodiadas de acuerdo con el estatuto y que se identifiquen como las verdaderas papeletas depositadas en las urnas, los demandantes ofrecieron y practicaron prueba testifical la que a su vez fué contradicha con prueba testifical y pericial de los demandados, dirimiendo el conflicto la corte inferior en el sentido de declarar que las papeletas habían sido alteradas (*tampered with*) negando su admisión en evidencia;

POR CUANTO si bien los apelantes han tratado de establecer una diferencia entre la admisibilidad de las papeletas en evidencia (*competency*) y su peso probatorio, en sentido de que bastaba demostrar que las mismas habían sido guardadas y custodiadas de acuerdo con el estatuto para ser admisibles refiriéndose cualquier otra impugnación a su peso probatorio, es lo cierto que los mismos apelantes admiten que en su prueba así como en la ofrecida y practicada por los apelados se fué mucho más lejos, determinándose el valor probatorio de tal evidencia, por lo que dichos apelantes no pueden quejarse de que la corte inferior al rechazar las papeletas electorales llegara a la conclusión para ello de que habían sido alteradas;

POR CUANTO en este caso no estamos enteramente exentos de duda en cuanto a si el perito Mr. Osborn demostró suficientemente la falsificación de las papeletas presentadas y la opinión de la corte sentenciadora deja en duda el hecho de si la corte no descansó siquiera en parte en la opinión de dicho perito, estando inclinados, sin embargo, a respetar la opinión de la corte con respecto a la falsedad de las papeletas presentadas y no hubiéramos revocado la sentencia por razón de ese fundamento;

POR CUANTO por otra parte, se nos hace completamente imposible, con esta duda en nuestra mente, y habiendo sido necesaria la demostración de un perito, ver la temeridad de los demandantes;

POR CUANTO quizás si ésta hubiera sido una acción enta-

blada por el Partido Republicano y la falsedad de las pape-
letas se hubiera demostrado, entonces puede que el Partido
Republicano fuera responsable por los actos de sus agentes
debidamente autorizados, si tal agencia fuera demostrada;

POR CUANTO éste es, sin embargo, un pleito establecido
por Pedro Juan Barbosa y otros y no se demostró que ellos
fueran los agentes autorizados del Partido Republicano en
el manejo de las papeletas y no hubo prueba de que ellos tu-
vieran intervención alguna en los supuestos fraudes o falsi-
ficaciones, o conocimiento de ellos;

POR TANTO, no encontrando justificación para la condena
de costas, *la sentencia debe ser revocada y se revoca a ese
respecto.*

El Juez Asociado Sr. Aldrey, disintió.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. ALDREY.

La mayoría de este tribunal revocó la sentencia de la
corte inferior en este pleito en cuanto impuso las costas a
los demandantes por las razones que expresó en la siguiente
manera:

&ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

"POR CUANTO en este caso no estamos enteramente exentos de
duda en cuanto a si el perito Mr. Osborn demostró suficientemente
la falsificación de las papeletas presentadas y la opinión de la corte
sentenciadora deja en duda el hecho de si la corte no descansó si-
quiera en parte en la opinión de dicho perito, estando inclinados,
sin embargo, a respetar la opinión de la corte con respecto a la fal-
sedad de las papeletas presentadas y no hubiéramos revocado la sen-
tencia por razón de ese fundamento;

"POR CUANTO por otra parte, se nos hace completamente impo-
sible, con esta duda en nuestra mente, y habiendo sido necesaria la
demostración de un perito, ver la temeridad de los demandantes;

"POR CUANTO, quizás si ésta hubiera sido una acción entablada
por el Partido Republicano y la falsedad de las papeletas se hu-
biera demostrado, entonces puede que el Partido Republicano fuera
responsable por los actos de sus agentes debidamente autorizados, si
tal agencia fuera demostrada;

"Por cuanto, éste es, sin embargo, un pleito establecido por Pedro Juan Barbosa y otros y no se demostró que ellos fueran los agentes autorizados del Partido Republicano en el manejo de las papeletas y no hubo prueba de que ellos tuvieran intervención alguna en los supuestos fraudes o falsificación, o conocimiento de ellos;

Por tanto, no encontrando justificación para la condena de costas, la sentencia debe ser revocada y se revoca a ese respecto."

He disentido de esa resolución porque estando en duda la mayoría del tribunal sobre si el perito Sr. Osborn demostró suficientemente la falsificación de las papeletas electorales presentadas como prueba por los demandantes, debió respetar la condena en costas hecha por la corte inferior ya que no tiene la certeza de que el perito no probó la falsificación, con mayor motivo cuanto que declara que por ese fundamento no hubiera revocado la sentencia. Además, el hecho de ser necesaria la intervención de un perito para comprobar una falsificación no es motivo para no ver temeridad en la parte que presenta el documento que se declara falsificado; y sentada la regla de la mayoría en este extremo no será posible que se considere temeraria a una parte que funde su derecho en documentos que son declarados falsificados.

En cuanto al otro fundamento de la revocación, ya se considere el principal o el único, diré que tampoco es motivo para revocar la condena de costas el hecho de que la acción no ha sido establecida por el Partido Republicano sino por personas que no se ha demostrado que fueran los agentes autorizados del Partido Republicano en el manejo de las papeletas y que no hubo prueba de que los demandantes tuvieran intervención alguna en los supuestos fraudes o falsificaciones o conocimiento de ellos, porque la falsificación o fraude no es supuesta sino declarada por sentencia, cuyo particular dice la mayoría lo hubiera confirmado, y porque el hecho de que la acción no haya sido establecida por el Partido Republicano sino por algunos de sus miembros no me

parece motivo para revocar la condena en costas porque aun cuando el pleito fué establecido por algunas personas y no por el Partido Republicano, éste, sin embargo, hubiera sido el beneficiado con el éxito del pleito más bien que las personas afiliadas a ese partido que lo establecieron.  Creo que nadie dudará de que ganándolo los demandantes el beneficio del pleito era para el Partido Republicano más bien que para las personas que lo iniciaron porque el Partido Republicano conseguía la administración municipal de San Juan, sin que fuera de importancia las personas que habían de representar a ese partido, por lo que si para conseguir ese fin en beneficio del Partido Republicano los demandantes presentaron papeletas electorales que han sido declaradas falsificadas, entiendo que estuvieron bien condenados en las costas aunque el Partido Republicano, como tal, no fuera el demandante y aunque no se haya probado quién o quiénes falsificaron dichas papeletas ni que los demandantes tuvieron conocimiento de tal falsificación porque si esas papeletas no hubieran sido declaradas falsificadas el Partido Republicano y los demandantes hubieran conseguido el resultado beneficioso que esperaban de esa prueba.

Pero independiente de esas cuestiones entiendo que aun teniendo razón la mayoría en los motivos de su resolución no debió revocar la condena de costas porque hay otros motivos que la sostienen, pues al no admitir la corte inferior como prueba las expresadas papeletas presentadas por los demandantes y al declarar que habían sido alteradas (*tampered with*), después de consignar que aunque no se cumplió estrictamente con la ley usando para cerrar los sacos en que se guardaban las papeletas cerraduras de seguridad con dos llaves, una de las cuales la guardara el Superintendente de Elecciones y la otra el presidente de la junta local de elecciones, habiéndose usado candados patente Sargeant, entendía que se había dado cumplimiento substancial a la ley; y después de decir que la envoltura del paquete que

contenía las papeletas tenía el papel roto por uno de sus extremos, desde la esquina hasta el centro donde se encontraba el cordón que lo amarra y que el lacrado que tenía carecía de sello o marca distintiva, declaró que no daba crédito a la declaración del Inspector Republicano Rodríguez, testigo de los demandantes: que no declararon el secretario y el recusador republicano pero sí los del Partido Unionista quienes habían declarado con firmeza, y que aparte de la declaración del Sr. Osborn hay las razones que él dió, las demostraciones que hizo y el examen cuidadoso que verificó la corte de las papeletas discutidas, lo cual enlazado con toda la evidencia del caso llevó a la corte inferior a la conclusión que antes hemos dicho.

Como se ve la corte inferior fundó su sentencia, entre otras cosas, en no haber creído al Inspector Rodríguez, testigo de los demandantes: en que éstos no presentaron al secretario y al recusador republicano: en haber dado crédito a los testigos de los demandados y en el examen cuidadoso que por sí hizo de las papeletas, y siendo esto así la condena de costas era procedente por carencia de prueba de los demandantes, independientemente de que no se probara que ellos falsificaron las papeletas ni que tuvieron conocimiento de tal hecho, a pesar de lo cual es revocada la sentencia no obstante haber declarado repetidas veces este tribunal que no procede revocar una sentencia cuando está sostenida por algún fundamento y a pesar de que la ley deja a la discreción de la corte sentenciadora el apreciar la temeridad de los litigantes para la imposición de las costas y que en muchas ocasiones hemos dicho que no iremos contra el ejercicio de esa discreción por la corte inferior a menos que se nos demuestre un claro abuso de esa facultad discrecional, lo que no aparece justificado en la resolución de que disiento.